UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTIN C. HECK, JR. and VICTORIA HECK d/b/a PACIFIC MOBILE MANOR, <br><br> Petitioners/Relators, <br><br> v. <br><br> CITY OF PACIFIC and CITY OF PACIFIC BOARD OF ZONING ADJUSTMENT, <br><br> Respondents. | No.  4:11CV1812 TIA |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioners' Motion for Remand [Doc. #6] and Respondents' Motion to Dismiss Count II of Second Amended Petition [Doc. #7]. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

On July 22, 2010, Petitioners filed a Petition for Writ of Certiorari against Defendants in the Circuit Court of Franklin County, Missouri. Petitioners sought review of the City of Pacific's Board of Zoning Adjustment's denial of Petitioners' request for a permit to replace their previous mobile home with another mobile home. (Petition for Writ of Certiorari, Review and Declaratory Judgment 128, ECF No. 1-2)  All three counts requested relief under Missouri law[1]. Petitioners then filed a First Amended Petition for Writ of Certiorari on September 19, 2011, alleging in Count II that Respondents' actions were an unconstitutional taking of Petitioners' real estate. (First Amended Petition for Writ of Certiorari 19-20, ECF No. 1-2)  While Petitioners' also filed a Motion for Leave

---

[1] Paragraph 6 under Count I vaguely mentions an unconstitutional taking in violation of the United States and Missouri constitutions.  (Petition for Writ of Certiorari, Review and Declaratory Judgment 128-29, ECF No. 1-2)

to File First Amended Petition, the docket shows that the court did not grant leave. (Franklin County Circuit Court Docket Sheet 8, ECF No. 1-2)

On September 30, 2011, Petitioners filed their Second Amended Petition, specifically alleging that Respondents actions were an unconstitutional taking of real estate under the 5th and 14th Amendments of the United States Constitution and under the Missouri Constitution. (Second Amended Petition for Writ of Certiorari 13, ECF No. 1-2) The court granted leave to file the Second Amended Petition on October 7, 2011. (Franklin County Circuit Court Docket Sheet 8, ECF No. 1-2)

On October 19, 2011, Respondents removed the Petition to this Court stating that this Court has original jurisdiction because the action alleges claims under the United States Constitution. On October 26, 2011, Petitioners filed a Motion for Remand, alleging that Respondents did not timely file their notice of removal. On that same date, Respondents filed a Motion to Dismiss Count II on the basis that the constitutional claims are not ripe for judicial review. Respondents also filed Memorandum in Opposition to Petitioners' Motion for Remand on November 1, 2011. Petitioners did not file a response to the Motion to Dismiss, and the time to file such response has expired.

## Petitioners' Motion to Remand

In the Motion for Remand, Petitioners claim that they raised their constitutional claims in the initial Petition for Writ of Certiorari that was filed in July of 2010. Thus, Petitioners assert that Respondents did not file their notice of removal within 30 days as required by 28 U.S.C. § 1446(b). Respondents, on the other hand, argue that the first Petition sounded in Missouri law, with only a vague reference to the United States Constitution. Further, Respondents maintain that they removed the Second Amended Petition after the state court granted Petitioners leave to file and that such

2

removal was timely. Petitioners did not file a reply brief.

The undersigned agrees with Respondents that removal was timely and proper such that remand is unwarranted. Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Further, "[r]emoval based on federal jurisdiction is governed by the well-pleaded complaint rule." Henderson v. Jordan, No. 4:09CV937 RWS, 2009 WL 2168692, at *1 (E.D. Mo. July 17, 2009) (citation omitted). A federal claim arises where federal law creates a cause of action in the complaint, and "[t]he appropriate test for federal question jurisdiction is 'the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote.'" Id. (quoting Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 n. 11 (1986)). Specifically, "vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction. Id. at *2 (citations omitted).

In the instant case, Petitioners merely mentioned the United States Constitution in Count I of their original Petition, with no reference to the specific amendments that Respondents allegedly violated. Further, the prayer for relief sounds solely in Missouri law. The Court finds that this vague reference was insufficient to confer federal jurisdiction, and removal would have been improper at that time.

In addition, the undersigned finds that the Respondents timely removed the case to federal court after the state court granted Petitioners' motion for leave to file the second amended petition. Where leave is required, the time for removal does not begin until the state court grants leave to amend the complaint. Davis v. Bemiston-Carondelet Corp., No. 4:05 CV 941 DDN, 2005 WL

2452540, at *3 (E.D. Mo. Oct. 4, 2005). The state court granted leave on October 7, 2011, and Respondents filed their notice of removal on October 19, 2011, clearly within the thirty-day limitation set forth in 28 U.S.C. § 1446(b). Thus, Petitioners' Motion for Remand will be denied.

## **Motion to Dismiss Count II**

Also pending is Respondents' Motion to Dismiss Count II of the Second Amended Petition. Petitioners have not filed any response, and the time for responding has expired. E.D. Mo. L.R.4.01 ("Except with respect to a motion for summary judgment under Fed. R. Civ. P. 56, each party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies.").

In their motion, Respondents claim that Petitioners' constitutional claims in Count II are not ripe for review, as Petitioners have failed to exhaust administrative remedies and failed to file an action for inverse condemnation. Alternatively, Respondents maintain that Count II fails to state a claim for relief because the Petition does not establish, as a matter of law, that a taking occurred.

The undersigned finds that dismissal of Count II is warranted. As stated by the Respondents, a two-part test determines whether an action brought under the Takings Clause is ripe for review: (1) the plaintiff must obtain a final decision from the proper regulatory agency; and (2) the plaintiff must have sought relief through state inverse condemnation proceedings. L.C. Dev. Co., Inc. v. Lincoln County, 996 F. Supp. 886, 888 (E.D. Mo. 1998) (citation omitted). In L.C. Development, the court found that it did not need to address the finality issue because plaintiff had not sought compensation through an action for inverse condemnation. Id. Because such remedy was likely available to the plaintiff, the court held that "[u]ntil Missouri courts have denied plaintiff its 'right to assert such a claim or denied them damages in such an action,' plaintiff's action is not ripe for

decision by a federal court." Id. (quoting Littlefield v. City of Afton, 785 F.2d 596, 609 (8th Cir. 1986)). Indeed, Missouri does provide an adequate procedure for seeking compensation through an inverse condemnation claim. CIS Communications, LLC. v. County of Jefferson, 177 S.W.3d 848, 850 (Mo. Ct. App. 2005).

Here, the record shows that Petitioners have not sought an inverse condemnation action with regard to their claim of unconstitutional taking. As stated above, "Missouri has a cause of action for inverse condemnation and that action must be exhausted before a Takings Clause claim can be filed in federal court." Owens v. City of St. Louis, No. 4:03 CV 52 RWS, 2005 WL 2033425, at *6 (E.D. Mo. Aug. 18, 2005). Failure to do so mandates dismissal. Id. See also Northtown Village, Inc. v. City of Oronogo, Missouri, No. 2011 WL 2417014, at *1 (W.D. Mo. June 13, 2011) (dismissing as not ripe plaintiff's inverse condemnation claim where plaintiff failed to file said claim in state court). Thus, the undersigned will grant Respondents' Motion and dismiss Count II.[2] Further, as this Court dismisses the constitutional claims, over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over in accordance with 28 U.S.C. § 1367 (c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioners' Motion for Remand [Doc. #6] is **DENIED.**

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss Count II of Second

---

[2] While Petitioners also cite a violation of the Due Process Clause, the 14th Amendment, the Second Amended Petition fails to adequately plead such violation. In particular, the count fails to state that the regulation that resulted in the denial of a permit was "arbitrary, capricious and not rationally related to a legitimate public purpose." L.C. Development, 996 F. Supp. at 888. "[a] pleading that offers 'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'" does not state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly. 550 U.S. 544, 555, 557 (2007)).

Amended Petition [Doc. #7] is **GRANTED.**

**IT IS FINALLY ORDERED** that, because the Court declines to exercise supplemental jurisdiction, this case is **DISMISSED** in its entirety.


Dated this 28th day of November, 2011.


    /s/ Terry I. Adelman

UNITED STATES MAGISTRATE JUDGE